IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMESA SHALANDA SMITH, #263068, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:09-CV-282-TMH |
| ) | [WO] |
| ) | |
| FRANK ALBRIGHT, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Kimesa Shalanda Smith ["Smith"], a state inmate. In this petition, Smith seeks relief related to the sentence imposed upon her by the Circuit Court of Montgomery County, Alabama for second degree robbery and first degree theft convictions. Specifically, Smith requests this court order her placement on probation or community corrections. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 15.

At the time she filed this petition, Smith did not pay the $5.00 filing fee nor did she submit an affidavit in support of a motion for leave to proceed *in forma pauperis*. Thus, the court did not have the information necessary to determine whether Smith should be allowed to proceed *in forma pauperis* in this case and therefore entered an order requiring that Smith either file the requisite fee or provide the court with her financial information. *Order of April 6, 2009 - Court Doc. No. 2*. Smith failed to respond to this order within the

prescribed time. Consequently, the court issued an order "that on or before August 13, 2010 the petitioner shall show cause why she has failed to file a response in compliance with the directives of the order entered on April 6, 2009 (Court Doc. No. 2)." *Order of August 3, 2010 - Court Doc. No. 3*. The postal service returned this order because Smith is not at the address she provided for service. Moreover, it appears that Smith is no longer incarcerated in the Alabama prison system and, therefore, does not intend to proceed with the prosecution of this case. The court therefore concludes that the instant petition for habeas corpus relief is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Smith's failure to comply with the orders of this court and her failure to properly prosecute this action.

It is further

ORDERED that on or before September 23, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done, this 9th day of September, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE